1

3                                          HONORABLE J. KELLEY ARNOLD

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF WASHINGTON AT TACOMA
9

10

ROBERT AINSWORTH                        )
11                                       )    NO. C06-5349 JKA
                Plaintiff,               )
12                                       )    **FINAL PRETRIAL ORDER**
        vs.                              )
13                                       )
                                         )
14   BNSF RAILWAY COMPANY, a Delaware     )
     corporation                         )
15                                       )
                Defendant.               )
16                                       )
                                         )
17   _____)

18                                JURISDICTION

19        This Court has jurisdiction over Plaintiff's claims against Defendant as provided by the

20   Federal Employers' Liability Act (FELA) 45 U.S.C. § 51 *et. seq.*

21                             CLAIMS AND DEFENSES

22   *Plaintiff will pursue at trial the following claims*:

23        That on February 13, 2005, plaintiff claims to have suffered an injury while in the

24   course of his employment with BNSF.  Plaintiff claims that the injuries were caused by

25   defendant's negligence and defective equipment provided by defendant, in violation of the

26   Federal Employers Liability Act.  As a direct result of defendant's negligence and violations of

27   the Federal Employers Liability Act, plaintiff claims to have suffered back and related hip

     injuries, pain, suffering, disability and past and future economic losses.

**MONTGOMERY SCARP MACDOUGALL, PLLC**
1218 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone  (206) 625-1801
Facsimile  (206) 625-1807

1     *Defendant BNSF will assert as follows*:

3        Defendant has admitted that plaintiff reported an injury on February 13, 2005, however

4     BNSF has denied the nature of the allegations of liability against it, and has also denied the

5     allegations regarding the cause of the injury to plaintiff's hips and the extent of the damages

6     claimed by plaintiff.

7                           ADMITTED FACTS

8     *The following facts are admitted by the parties:*

9        1.  Plaintiff has worked for defendant BNSF since 1992, and has held the job of

10    locomotive conductor since 1994.  From 1994 to the present, plaintiff worked in the Seattle

11    and Tacoma area, and his duties as a conductor included coupling, uncoupling and switching

12    rail cars at sidings, junctions, rail yards and other places.

13        2.  On February 13, 2005, while in the normal course of his employment, plaintiff was

14    instructed to remove a freight car from a train, and move the freight car to a siding track.  In

15    order to do so, plaintiff was required to operate a track appliance or device known as a

16    "derail."  When activated, this derail device is designed to derail a freight car to prevent

17    unauthorized travel.  Plaintiff disengaged or opened the derail device.  In the course of doing

18    so, plaintiff claims that he suffered back injuries.

19        3.  Plaintiff underwent medical treatment as a result of these injuries, including lumbar

20    epidural steroid injections, low back surgery, extensive physical therapy and rehabilitation.

21    Plaintiff developed a condition of the hips known as avascular necrosis, which necessitated

22    bilateral hip replacement.  Since 2005, plaintiff has worked sporadically due to limitations

23    imposed by his medical providers and is now unable to return to his job as a conductor.

24    *The plaintiff contends as follows*:

25        1. Defendant was negligent and in violation of the Federal Employers Liability Act and

26    said negligence was a direct cause of plaintiff's injuries and complications.

27

**MONTGOMERY SCARP MACDOUGALL, PLLC**
1218 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone  (206) 625-1801
Facsimile  (206) 625-1807

2.  Specifically, defendant was negligent in the provision, maintenance, instructions and work methods pertaining to the operation of the flip-flop derail device which caused plaintiff's injuries.

3.  Plaintiff sustained back injuries which required treatment with steroids and surgery.

4.  As a direct result of the steroid treatment, plaintiff developed avascular necrosis of both hips, requiring total hip replacement.

5.  Plaintiff suffered damages as a direct result of defendant's negligence.

*The defendant contends as follows:*

1.  Defendant BNSF provided Plaintiff with a reasonably safe place to work.

2.  Plaintiff's injuries were not caused by Defendant's actions, but by preexisting physical and medical conditions not within defendant's control.

3.  Plaintiff's comparative fault caused or contributed to plaintiff's injuries and serves to preclude or reduce plaintiff's claim for damages accordingly.

4.  Plaintiff's contention that the twinge he felt in his back caused the avascular necrosis that later developed in his hips, or that his hip condition was caused by steroid injections given to him to treat his back injury lacks medical support.

5.  Plaintiff has failed to properly mitigate his damages in this case.

6.  Defendants are not liable for plaintiff's claimed damages, .

## ISSUES OF LAW

Plaintiff contends, and defendant agrees, that this is a case involving a claim of negligence.  As such, the issues are as follows:

(a)     Was defendant negligent?

(b)     If defendant was negligent, did such negligence violate the FELA?

(c)     Did defendant's negligence, if any, cause plaintiff's back and/or hip injuries?

(d)     Are plaintiff's damages, if any, precluded, reduced, or offset by any of the affirmative
        defenses asserted by defendant, and if so, to what extent?

**MONTGOMERY SCARP MACDOUGALL, PLLC**
1218 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone  (206) 625-1801
Facsimile  (206) 625-1807

EXPERT WITNESSES

(a) The parties are limited to the number
(b) The names and addresses of the expert witnesses to be used by each party at trial and the issue upon which each will testify are:

(1) On behalf of plaintiff;

| Name | Will Testify or Possible Witness Only |
|---|---|
| Wilson C. Hayes, Ph.D.<br>Hayes + Associates<br>301 SW 4th Street, Suite 160<br>Corvallis, OR 97333<br><br>Will testify re negligence and causation | Will Testify |
| Merrill Cohen<br>Strategic Consulting Services<br>401 Olympia Ave. NE<br>Suite # 301<br>Renton, Washington<br><br>Will testify re vocational rehabilitation | Will Testify |
| Jeffrey Opp<br>Carlson, Opp & Associates<br>7600 E. Arapahoe Road<br>Suite 100<br>Englewood, Colorado 80112<br><br>Will testify re economic losses | Will testify |
| Virgil Becker, M.D.<br>Cascade Orthopedics<br>122 3rd NE, #401<br>Auburn, WA 98002<br><br>Treating physician: will testify re medical issues | Will Testify by deposition |
| James Parker, M.D.<br>305 N. River Avenue<br>Buckley, WA 9832<br><br>Treating physician: will testify re medical issues | Will Testify by deposition |
| Terri Archer, LOTA/L<br>Performance Work Rehab<br>1830 112th St E<br>Tacoma, Washington 98445<br><br>Treating physical therapist: will testify re physical rehabilitation issues, effect of injuries, return to work | May Testify |

MONTGOMERY SCARP MACDOUGALL, PLLC
1218 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone (206) 625-1801
Facsimile (206) 625-1807

(2) On behalf of defendant;

| Name | Will Testify or Possible Witness Only |
|---|---|
| Dr. Michael Battaglia<br>3 Church Circle, Suite 210<br>Annapolis, MD 21201<br><br>Dr. Battaglia will testify to plaintiff's orthopedic issues | Will Testify |
| Stan Owings<br>Owings and Associates, Inc.<br>11422 Des Moines Memorial Drive,<br>Seattle, WA 98168<br><br>Mr. Owings will testify to plaintiff's vocational rehabilitation | Will Testify |
| Dr. David Knowles<br>3302 Fuhrman Ave E., Suite 111<br>Seattle, WA 98102<br><br>Dr. Knowles will testify to plaintiff's economic loss claim | Will Testify |
|  |  |

## LAY WITNESSES

(a) The names and addresses of each witness to be called by each party at trial and the subject matter upon which each witness will testify are:

(1) On behalf of plaintiff;

| Name | Will Testify or Possible Witness Only |
|---|---|
| Robert Ainsworth<br>22313 112th Street Court East<br>Buckley, Washington 98321<br><br>Plaintiff | Will Testify |
| Michael D. Hamilton<br><br>BNSF Engineer | May Testify |

MONTGOMERY SCARP MACDOUGALL, PLLC<br>1218 Third Avenue, Suite 2700<br>Seattle, Washington 98101<br>Telephone (206) 625-1801<br>Facsimile (206) 625-1807

| Andrew Vulgas<br><br>BNSF Roadmaster<br><br>May testify re condition of derail on inspection. | May Testify |
|---|---|

(2) On behalf of defendant;

| Danny Thomassen<br>Claims Manager / BNSF<br>c/o Montgomery Scarp MacDougall<br>1218 Third Avenue, Suite 2700<br>Seattle, WA 98101<br><br>Mr. Thomassen may testify for the limited purpose of the recorded  statement of plaintiff, the facts and circumstances surrounding plaintiff's previous back injury and release for the same, and any employment offers conveyed to plaintiff. | Possible Witness Only |
|---|---|

## EXHIBITS

**(a) Admissibility stipulated:**

*Plaintiff's Exhibits*

33.     2 photographs of derail device (Exh. 3, Ainsworth Dep.); 2 photographs of location of accident (Ex. 4, Ainsworth Dep.)

43.     Spine and hip models (for illustrative purposes only)

50.     02/14/2005 BNSF Employee Personal Injury Report, with statements of plaintiff and engineer Michael D. Hamilton attached, and BNSF "Non-Reportable Injury Follow-up Instructions."

*Defendant's Exhibits*

A-1     Employee Injury/Occupational Illness Report

A-2     2/14/05 Statement of Robert Ainsworth

A-3     2/14/05 Statement of Michael Hamilton

A-4     Photos of the Derail

MONTGOMERY SCARP MACDOUGALL, PLLC<br>1218 Third Avenue, Suite 2700<br>Seattle, Washington 98101<br>Telephone  (206) 625-1801<br>Facsimile  (206) 625-1807

**(b) Authenticity stipulated, admissibility disputed:**

*Plaintiff's Exhibits*

1.      03/7/2005 lumbar spine x-ray, Dr. David Rice.

2.      03/29/2005 Nydic lumbar spine MRI.

3.      04/4/2005 lumbar ESI injection report, Dr. David Rice.

4.      04/19/2005 lumbar ESI injection report, Dr. David Rice.

5.      05/3/2005 lumbar ESI injection report, Dr. David Rice.

6.      06/24/2005 initial patient intake form, Dr. Virgil Becker.

7.      07/13/2005 diskography report, Elliott Sacks, M.D.

8.      06/24/2005-11/25/2005 records and reports of Dr. Virgil Becker

9.      12/1/2005 lumbar ESI injection report, Dr. David Rice.

10.     12/1/2005 letter from Dr. Daniel Anderson to Dr. Virgil Becker.

11.     12/7/2005 chiropractor report, Daniel Anderson, D.C.

12.     12/8/2005 Lumbar spine x-ray, David Rice, M.D.

13.     12/21/2005 letter regarding job descriptions, Dr. Daniel Anderson.

14.     01/30/2006 discharge summary, Dr. Virgil Becker, Auburn Reg. Med. Ctr.

15.     02/16 – 04/5/2006 MVP Physical Therapy chart notes.

16.     04/10/2006 Work Hardening Update rpts., Olympic Sports & Spine.

17.     04/10/2006 Intake checklist and form and patient questionnaire.

18.     04/11/2006 Olympic Sports & Spine Rehab report titled "Personal Profile."

19.     04/13/2006 MCMC records; Ashley Stevens, RN.

20.     04/10 – 05/1/2006 chart notes, Olympic Sports & Spine.

21.     05/4/2006 MRI of hips, Jeffrey Morrison, M.D.

22.     05/4/2006 hip MRI, Valley Diagnostic Imaging.

23.     05/10/2006 billing summary, Olympic Sports & Spine.

24.     05/18/2006 Patient statement inquiry.

25.     06/7/2006 Patient Medical History Form, David H. Bishop, M.D.

MONTGOMERY SCARP MACDOUGALL, PLLC
1218 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone  (206) 625-1801
Facsimile  (206) 625-1807

26.        06/7/2006 report of Dr. David Bishop.

27.        06/16/2006 operative report, Virgil Becker, M.D.

28.        02/23/2005-06/19/2006 Records of James L. Parker, M.D.

29.        07/11/2006 report of Gary P. Hunter, D.O.

30.        07/14/2006 operative report, Dr. Gary Hunter.

31.        07/17/2006 Attending Physician Suppl. Statement, Dr. Gary Hunter.

32.        08/23/2006 operative report, Dr. Gary Hunter.

37.        Supervisor's Report and report of inspection of derail device.

44.        Ainsworth tax returns.

51.        08/27/2007 DVD with photographs and video from inspection of accident site
           by Wilson C. Hayes, Ph.D.

53.        10/19/2007-2008 chart notes, Performance Work Rehabilitation, Terri Archer.

54.        11/15/2007 report of Wilson C. Hayes, Ph.D.

55.        12/21/2007 report, Merrill Cohen.

56.        12/21/2007 report; 12/26/2007 supplemental report, Jeffrey B. Opp.

57.        Photographs of derail taken by defendant shortly after accident.

59.        12/17/2007 report of Dr. Becker.

*Defendant's Exhibits*

A-5        11/6/2007 report, Stan Owings.

A-6        CV, Stan Owings.

A-7        8/21/07 report, Dr. Michael Battaglia

A-8        8/26/07 report addendum, Dr. Michael Battaglia.

A-9        1/8/08 report addendum, Dr. Michael Battaglia.

A-10       CV, Dr. Michael Battaglia.

A-11       12/28//07 report, Dr. David Knowles.

A-12       CV, Dr. David Knowles.

A-13       Recorded Statement of Robert Ainsworth.

AMENDED PRETRIAL ORDER - 8

MONTGOMERY SCARP MACDOUGALL, PLLC
1218 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone  (206) 625-1801
Facsimile  (206) 625-1807

| | | |
|---|---|---|
| A-14 | Employee Injury/Occupational Illness Report. | |
| A-15 | BNSF Employee Transcript. | |
| A-16 | Medical Records – Injury of 2/13/05. | |
| A-17 | Medical Records - Back Injury of 09/12/00. | |
| A-18 | 3/14/05 Voluntary Advancement Program, signed by Robert Ainsworth | |
| A-19 | Letter to Mr. Ainsworth from Joan Costa dated January 29, 2008 | |
| A-20 | 5/19/2006 report of Dr. Becker | |
| A-21 | 9/15/2003 report of Dr. Michael A Welsh | |

**(c) Authenticity and admissibility disputed:**

*Plaintiff's Exhibits*

| | | |
|---|---|---|
| 34. | Learned treatise materials on steroids and avascular necrosis relied upon by plaintiff's experts. | |
| 35. | FDA publications on Kenalog. | |
| 36 | Medical and scientific journal articles regarding steroids and avascular necrosis. | |
| 38. | Defendant's Claims file. | |
| 39. | Prescribing information for Kenalog, Physicians Desk Reference. | |
| 40. | Manufacturer's product insert for Kenalog. | |
| 41. | Prescribing information for Medrol, Physicians Desk Reference. | |
| 42. | Manufacturer's product insert for Medrol. | |
| 45. | Defendant's Seniority roster. | |
| 46. | Personnel file. | |
| 47. | High school transcript. | |
| 48. | April 1990 AAR report "An Ergonomic Investigation of Hand Switch Operation." | |
| 49. | October 1993 AAR report "Manual of Hand Switch Operation." | |
| 52. | NIOSH report referenced in report of Dr. Hayes. | |
| 58. | Report of inspection of derail by Andrew Vulgas, roadmaster. | |

MONTGOMERY SCARP MACDOUGALL, PLLC
1218 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone  (206) 625-1801
Facsimile  (206) 625-1807

*Defendant's Exhibits*

*//*

ORDERS <em>IN LIMINE</em>

**(a) Pursuant to the agreement of the parties, the court orders as follows:**

*Plaintiff's Motions In Limine*:

    (1)    <u>Railroad Retirement Eligibility</u>:  Defendant is precluded from introducing evidence regarding railroad retirement eligibility. **(Stricken without prejudice at pretrial conference.)**

    (2)    <u>Collateral Source Benefits</u>:  Defendant is precluded from introducing evidence of benefits or payments that plaintiff may receive from an independent source. This does not include payments from BNSF or earnings from other employment that would be relevant to the issue of mitigation of damages.

    (3)    <u>Assumption of Risk</u>: Defendant is precluded from arguing that plaintiff assumed the risk of injury as part of the nature of his employment.

*Defendant's Motions In Limine*:

    (4)    <u>Federal Safety Appliance Act / Locomotive Inspection Act</u>:  Plaintiff is precluded from arguing or introducing evidence relating to the Federal Safety Appliance Act or the Locomotive Inspection Act as no claims are being pursued thereunder.

    (5)    <u>Loss of Consortium</u>:  Plaintiff is precluded from offering any evidence or testifying regarding loss of consortium.

    (6)    <u>Relative Financial Conditions</u>: Neither party shall mention plaintiff's or defendant's relative financial positions.

    (7)    <u>Railroad's General Safety or Lack of Safety</u>:  Plaintiff is precluded from offering any evidence, arguing or referring to the railroad as a generally unsafe or dangerous place to work.

    (8)    <u>Punitive Arguments</u>:  Plaintiff is precluded from arguing or suggesting any type of punitive award, or that a large award will "send a message" to the railroad. Such punitive damages are not recoverable under the FELA.  Arguments designed to inflame the jury to "punish" a defendant in an FELA case are inadmissible and constitute reversible error.

    (9)    <u>Plaintiff's Financial Condition / Expenditures / Financial Needs</u>:  Plaintiff is precluded from offering any evidence, testifying, arguing or referring to his financial condition, expenditures or requirements for expenditures other than those directly related to his injury.  Plaintiff shall not introduce testimony to imply poverty or neediness or inability to maintain his standard of living.

    (10)    <u>Non-Party Witnesses Excluded</u>: Witnesses who may be called by either party shall be excluded from the courtroom prior to giving their testimony.  ER 615.

MONTGOMERY SCARP MACDOUGALL, PLLC
1218 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone  (206) 625-1801
Facsimile  (206) 625-1807

(11)  <u>Mediation / Settlement Negotiations</u>: Neither party shall make reference to settlement negotiations or mediation.  Offers to compromise are inadmissible at time of trial.  ER 408.

(12)  <u>Physical Demonstration of Injury</u>:  Plaintiff is precluded from offering any evidence or physical demonstration of his injury.

(13)  <u>Liability or Indemnity Insurance</u>:  Plaintiff is precluded from making any reference whatsoever that defendant has any type of insurance coverage.  The fact that a defendant may or may not be insured is entirely immaterial to the issues in the case.

(14)  <u>Characterization of Attorneys</u>: The parties are precluded from referring to themselves or the other lawyers in the case except by name or as representing their respective party.  The attorneys shall not be referred to as "corporate counsel, out-of-state counsel, Seattle attorneys, railroad lawyers," or other similar characterizations.

(15)  <u>Golden Rule Arguments</u>:  Plaintiff is precluded from making any "golden rule" argument or appealing to jurors to put themselves in the plaintiff's position and to decide on what they would want under similar circumstances.  Such arguments are improper and misleading.

(16)  <u>Motions *In Limine*</u>:  The parties are precluded from referring to the motions *in limine*.

(17)  <u>Unrelated Railroad Accidents or Lawsuits</u>:  Plaintiff is precluded from making any reference to other lawsuits, claims of injuries, and/or accidents involving the railroad.  Evidence of other lawsuits or accidents involving defendant is not admissible to establish negligence in this case.  ER 404(b).

**(b) The following motions *in limine* are in dispute, and require rulings by the court:**[1]

**(The Court ruled at pretrial conference on 3/12/2008.)**

(18)  <u>The Alleged "Congressional Intent" Of The Federal Employers' Liability Act Should Be Excluded.</u>  The parties are precluded from offering any testimony or making any reference to the "congressional intent" of the enactment of the FELA.   It is improper to refer to any purported "congressional intent" of the FELA.

(19)  <u>BNSF's Supervisor Report Is Not Admissible.</u>  Plaintiff is precluded from offering any testimony or evidence related to the BNSF Supervisor's Report.  Under federal law, BNSF is required to submit monthly reports of employee accidents to the Federal Railroad Administration. 49 USC § 20901; 49 CFR §§ 225.11; 225.19.  However, no part of the accident reports can be admitted or used for any purpose in any action "for damages resulting from a matter mentioned in the report."  49 USC § 20903 and 49 CFR §225.7.  Moreover, plaintiff did not disclose the report under CR 26, did not request it through

---

[1] (*See* Defendant BNSF's Motions In Limine).

**MONTGOMERY SCARP MACDOUGALL, PLLC**
1218 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone  (206) 625-1801
Facsimile  (206) 625-1807

discovery, and plaintiff's expert did not rely on the report in formulating his opinions.

(20)   <u>Railroad Discipline or Disciplinary Measures</u>:  Plaintiff is precluded from offering any evidence that BNSF did or did not discipline him for this incident.

(21)   <u>Family Status</u>:  Plaintiff is precluded from offering any evidence or testifying regarding his family or family status in any way.

(22)   <u>Workers' Compensation Case / Law</u>:  Plaintiff is precluded from offering any evidence or reference to this action as a workers' compensation case. Defendant is not covered by state workers' compensation laws.  Evidence that defendant is not covered by the state workers' compensation scheme shall also be excluded.

(23)   <u>Occurrence Or Quality Of Defendant Railroad's Post Accident Investigation</u>. Plaintiff is precluded from introducing evidence or making reference to any post accident investigation by defendant railroad.  Evidence relating to this issue is federally preempted.  The preemptive effect of regulations adopted pursuant to the Federal Rail Safety Act, 49 U.S.C. § 20101, *et. seq.*, is set forth in 49 U.S.C. § 20106; *See also Norfolk Southern Ry. Co. v. Shanklin*, 120 S.Ct. 1467, 146 L.Ed.2d 374 (2000).

(24)   <u>Evidence Regarding Safer Procedures Or Methods of Work</u>. Plaintiff is precluded from arguing or offering evidence or arguing  that the railroad could have provided safer procedures or methods of work, because such evidence misstates defendant's duty. In establishing the railroad's duty in FELA cases, the courts have consistently held that the duty is simply to provide reasonably safe equipment.  The railroad is not required to furnish an absolutely safe workplace.  Rather, the railroad's duty is to exercise reasonable and ordinary care to provide a reasonably safe place for the work to be performed. *Brady v. Southern Ry. Co.*, 320 U.S. 476 (1943).

(25)   <u>Evidence Of Plaintiff's Gross Wage Loss</u>. Plaintiff is precluded from offering evidence of gross wages or economic loss based on gross earnings. Because damages are limited to the proven pecuniary loss sustained by plaintiff, merely calculating the gross income which the plaintiff would have earned in the future is an improper measure of damages in a FELA case.  Only after-tax earnings, or net loss earnings, can be used. *Norfolk & Western Railway v. Leipelt*, 444 U.S. 490 (1980).

(26)   <u>FELA As The Sole Remedy Available To The Plaintiff</u>. Plaintiff is precluded from arguing, making reference to, or implying that the FELA is plaintiff's sole remedy.  The existence or non-existence of the FELA as the sole remedy has no relevance in this trial.  Comments by plaintiff's counsel to the effect that the plaintiff has no compensation rights other than through prosecution of this FELA case are, under the greater weight of authority, irrelevant, improper, and would constitute prejudicial error. *Van Slyke v. New York Central*, 21 A.D. 2d 147, 249 NYS 2d 462, 466 (1964); *see also Kocack, supra* at 247; *Lanni v. Wyer*, 219 F.2d 701, 703 (2d Cir. 1955).

MONTGOMERY SCARP MACDOUGALL, PLLC
1218 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone  (206) 625-1801
Facsimile  (206) 625-1807

(27) <u>Reference To Plaintiff As A Good Or Safe Employee</u>.
Plaintiff is precluded from arguing, testifying or implying that plaintiff is a good or a safe employee. Whether plaintiff was on other occasions a good or safe worker is not an issue in this case and would seem to bear only on the images of the parties as being "good" or "bad". As such, evidence that on other occasions plaintiff was a good or safe worker would be prejudicial if admitted, and should be excluded. ER 402, 403. Evidence of a person's character as a good or safe worker (or otherwise) used to prove the quality and nature of his conduct at the time of the accident is also inadmissible. ER 404.

(28) <u>Evidence of Related Medical Conditions or Accidents Is Admissible.</u> It is anticipated that the plaintiff will argue that under *Norfolk & Western Ry. v. Ayers*, 538 U.S. 135, 123 S. Ct. 1210, 155 L.Ed. 2d 261 (2003), this court should preclude any evidence that his injuries were caused by a pre-existing condition. Such evidence is admissible here. In *Rust v. BNSF*, 2003 U.S. Dist. LEXIS 24476 (D.C. Co. 2003), the court disagreed, finding that *Ayers* did not ever address whether a railroad could introduce evidence of an employee's preexisting medical condition in determining the extent of the employee's fault. The *Rust* court decided that post-*Ayers*, the prevailing law on this issue is still *Sauer v. Burlington N. R.R. Co.*, 106 F.3d 1490, 1494 (10th Cir. 1997), where evidence of an employee's preexisting medical condition was proper so that the jury could determine to what extent, if any, the preexisting condition should affect a finding of liability or computation of damages.

(29) <u>Experts / Lay Witnesses Not Previously Or Properly Disclosed.</u>
Plaintiff is precluded from offering any expert witnesses not timely identified and whose opinions and all relevant facts in support thereof have not been properly disclosed. Fed.R.Civ.P. 26(a). Plaintiff is further precluded from calling any lay witnesses not timely disclosed. *Id.*

(30) <u>Plaintiff's Expert Wilson C. Hayes' Medical Causation Opinions.</u>
Plaintiff is precluded from offering medical testimony by biomechanical engineering expert Wilson C. "Toby" Hayes. Mr. Hayes is precluded from testifying at trial that plaintiff's back injury was caused by operating BNSF's derail switch. Mr. Hayes, is an engineer, and is not competent to testify as to medical causation of injury under FRE 702.

(31) <u>Plaintiff's Expert David Schenkar's Medical Causation Opinions.</u>
Plaintiff is precluded from offering testimony regarding medical causation testimony by expert witness Dr. David Louis Schenkar. Dr. Schenkar is precluded from testifying at trial that plaintiff's avascular necrosis was caused injections of epidural steroids.

(32) <u>Railroad Retirement Benefits / Monetary Advancement / Pension Contribution</u>
(a) BNSF may introduce evidence of Railroad Retirement benefits. Evidence of benefits paid under the Railroad Retirement System shall be permitted on the issue of plaintiff's failure to mitigate his damages.
(b) For monetary advancements to plaintiff under BNSF's Voluntary Income Program, BNSF is entitled to a set-off as to any monies plaintiff received under that program.
(c) The cost of BNSF's contribution to a pension system are paid as taxes to the Railroad Retirement system, similar to Social Security. If plaintiff is eligible to

MONTGOMERY SCARP MACDOUGALL, PLLC
1218 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone (206) 625-1801
Facsimile (206) 625-1807

receive, or did receive any benefits under this system, BNSF's contribution is not a fringe benefit and shall be excluded from plaintiff's economists calculations.

As provided for in the Court's December 11, 2006 Scheduling Order, defendant has submitted, along with this proposed pretrial order, a memorandum addressing the merits of the disputed orders *in limine*.

### ACTION BY THE COURT

(a)   This case is scheduled for a jury trial beginning on March 17, 2008.

(b)   Trial briefs should be submitted to the court on or before **- filed 3/3/2008**.

(c)   **Amended jury instructions are to be submitted forthwith.**

(d)   Other court rulings.

This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the action unless modified by a subsequent order. This order shall not be amended except by of order of the court pursuant to agreement fo the parties or to prevent manifest injustice.

DATED this 13th day of March, 2008.

BY THE COURT:

**/s/ J. Kelley Arnold**
Honorable J. Kelley Arnold
United States Magistrate Judge

| Bremseth Law Firm | MONTGOMERY SCARP MACDOUGALL, PLLC |
|---|---|
| /s/ Keith E. Ekstrom | /s/ Bradley Scarp |
| Fredric Bremseth, admitted *Pro Hac Vice* | Bradley Scarp, WA. Bar No.21453 |
| Keith E. Ekstrom, admitted *Pro Hac Vice* | Tobias J. Kammer, WA Bar No. 34578 |
| Attorneys for plaintiff | Attorneys for Defendant BNSF |
| 601 Carlson Parkway, Suite 995 | Brad@MontgomeryScarp.com |
| Minnetonka, Minnesota 55391 | |
| Phone: 952-475-2800 | |

**MONTGOMERY SCARP MACDOUGALL, PLLC**
1218 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone  (206) 625-1801
Facsimile  (206) 625-1807